UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
OLGA LERNER, Derivatively on behalf of
Nominal Defendant General Electric Co.,      :

                                                                                            No. 10 Civ. 1807 (RJH)

          Plaintiff,        :

          v.                     :

JEFFREY R. IMMELT, et al.,                   :

          Defendants,  :

          - and -               :

GENERAL ELECTRIC COMPANY,           :

          Nominal Defendant.  :

------------------------------------------------------------x

### MEMORANDUM OF LAW OPPOSING MOTION FOR LEAVE TO AMEND

|  |  |
|---|---|
|  | WEIL, GOTSHAL & MANGES LLP |
|  | 767 Fifth Avenue |
|  | New York, NY 10153 |
|  | (212) 310-8000 (Telephone) |
| Of Counsel: | (212) 310-8007 (Fax) |
|  |  |
| Greg A. Danilow | Attorneys for Nominal Defendant General |
| Stephen A. Radin | Electric Company and Defendants W. Geoffrey |
| Evert J. Christensen, Jr. | Beattie, Laurent Bossard, James I. Cash, Jr., |
|  | Kathryn A. Cassidy, William M. Castell, |
|  | Pamela Daley, Brackett B. Denniston III, Ann |
|  | M. Fudge, Susan Hockfield, Jeffrey R. Immelt, |
|  | Andrea Jung, John Krenicki, Jr., Alan G. Lafley, |
|  | Robert W. Lane, Rochelle B. Lazarus, John F. |
|  | Lynch, Jamie S. Miller, James J. Mulva, |
|  | Michael A. Neal, Sam Nunn, Roger S. Penske, |
|  | John G. Rice, Keith Sherin, Robert J. Swieringa, |
| October 27, 2011 | Douglas A. Warner III and Robert C. Wright |

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT .................................................................................................................................. 5

PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED ...................... 5

    A.    Plaintiff Has Had – But Not Availed Herself Of – Multiple Opportunities To Amend, Including The Opportunity This Court Gave Her To Propose A Second Amended Complaint By October 12, 2011 – A Deadline She Refused to Comply With ......................................................... 6

    B.    The Documents Plaintiff Still Hopes To Find In Her Counsel's FOIA Litigation Will Not Cure Any Of The Defects In Her Prior Complaints ......... 8

        1.    Plaintiff's Claim That GE's Board Wrongfully Refused Her Demand ................................................................................................... 9

        2.    Plaintiff's Claim That Demand Is Excused, Notwithstanding Plaintiff's Concession – And This Court's Rulings – That Demand Is Required ........................................................................... 10

CONCLUSION ............................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases:**                                                                    Page(s)

Burch v. Pioneer Credit Recovery, Inc.,
  551 F.3d 122 (2d Cir. 2008) .................................................................................... 5

FLI Deep Marine L.L.C. v. McKim,
  2009 WL 1204363 (Del. Ch. Apr. 21, 2009) ......................................................... 11

Grimes v. Donald,
  673 A.2d 1207 (Del. 1996) .................................................................................. 11

Henik v. LaBranche,
  433 F. Supp. 2d 372 (S.D.N.Y. 2006) .................................................................. 12

Holmes v. Grubman,
  568 F.3d 329 (2d Cir. 2009) .................................................................................. 5

Iqbal v. Ashcroft,
  574 F.3d 820 (2d Cir. 2009) .................................................................................. 5

Levin v. Kozlowski,
  831 N.Y.S.2d 354 (N.Y. Sup. Ct. N.Y. 2006),
  aff'd, 846 N.Y.S.2d 37 (App. Div. 1st Dep't 2007) ............................................... 12

Local 802, Associated Musicians of Greater N.Y. v. Parker Meridian Hotel,
  145 F.3d 85 (2d Cir. 1998) .................................................................................... 5

McCarthy v. Dun & Bradstreet Corp.,
  482 F.3d 184 (2d Cir. 2007) .................................................................................. 5

In re Merrill Lynch & Co. Sec., Derivative & ERISA Litig.,
  773 F. Supp. 2d 330 (S.D.N.Y. 2011) ........................................................... 7, 8, 11

Scattered Corp. v. Chi. Stock Exch., Inc.,
  701 A.2d 70 (Del. 1997) ...................................................................................... 11

In re Sonus Networks, Inc. S'holder Derivative Litig.,
  499 F.3d 47 (1st Cir. 2007) .................................................................................. 12

Vasquez v. Ercole,
  2009 WL 2432364 (S.D.N.Y. Aug. 7, 2009) .......................................................... 5

Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland,
  2010 WL 4968247 (S.D.N.Y. Nov. 24, 2010) ....................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Rules:**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................5


**Other Authorities:**

Restatement (Third) of Law Governing Lawyers: Formation of
    Client-Lawyer Relationship §14 (2000) ...............................................................................10

**PRELIMINARY STATEMENT**

This action, commenced in March 2009, challenges the GE Board's refusal of plaintiff's demand that the Board cause GE to commence litigation against GE directors and officers. It was dismissed on September 12, 2011, because "a board's decision to refuse a shareholder demand is protected by the business judgment rule unless, 1, the board of directors was not disinterested and independent, in which case it would breach the duty of loyalty, or, 2, the board did not act in good faith and failed to employ reasonable procedures to investigate a demand, in which case it would violate the duty of care." Sept. 12, 2011 Tr. at 39. The Court held that plaintiff's allegations were "insufficient to plausibly allege either a breach of a duty of loyalty or a breach of the duty of care." Id. at 47.

This Court granted plaintiff 30 days – until October 12, 2011 – to file a proposed second amended complaint. She did not do so. Instead, plaintiff moved for a six month stay of this action, to begin on the date the Court decides this motion – and granted herself a stay pending a ruling on the motion, thus extending the stay she seeks to not just six months, but also the amount of time it takes the parties to brief and the Court to decide this motion. Plaintiff represents that the extension she granted herself and the stay she seeks are justified by her desire to seek documents from the Securities and Exchange Commission (the "SEC") in a Freedom of Information Act ("FOIA") proceeding commenced by her counsel in the United States District Court for the District of Columbia. Plaintiff does not tell the Court that counsel's FOIA action was stayed – with the consent of plaintiff's counsel – and placed on an "administratively closed" docket on July 28, 2011. It remains, to this date, "administratively closed."

Nor does plaintiff remind the Court that she sought leave to amend on September 12, 2011 based on representations concerning the contents of "thousands of docu-

ments" plaintiff's counsel said he had "obtained" – past tense – in his FOIA action showing "detail that I didn't have before." Id. at 17. To dramatize his point, counsel held up a folder and represented that "I've got a disk here with an awful lot of documents, your Honor, which I've read." Id. This Court, "based on the representations . . . made by counsel," granted plaintiff leave to file a motion to amend, with the Court to "determine whether to grant it after reviewing the proposed amended complaint[ ]." Sept. 12, 2011 Tr. at 47, 50. As stated above, however, on the day plaintiff's motion and proposed amended complaint were due plaintiff declined to file a proposed amended complaint. Apparently, plaintiff's counsel no longer believes that the "thousands of documents" he purports to have contain the facts needed to propose a second amended complaint that can survive this Court's ruling dismissing plaintiff's first amended complaint. Instead, plaintiff asks the Court to sanction a fishing expedition for more documents – none of which, as explained below, can cure the defects in the complaint the Court dismissed.

The time has come to end this more than 18 month old case – not to stay it while plaintiff searches for documents that her counsel represented he already had on September 12, 2011 in order to induce the Court to allow him until October 12, 2011 to file a proposed second amended complaint.

## STATEMENT OF FACTS

In a letter dated October 22, 2009, plaintiff demanded that GE's Board pursue certain – but not all – of the claims asserted in this litigation. Am. Compl. Ex. A (Dkt. No. 16).

On November 6, 2009, GE's Board referred plaintiff's demand to GE's Audit Committee for an investigation and a recommendation. The Audit Committee retained the law firm Cravath, Swaine & Moore LLP – which previously had represented the Audit Com-

mittee in connection with an SEC proceeding underlying the demand – to assist the Audit Committee in evaluating and investigating plaintiff's demand.  Nov. 19, 2010 Danilow Decl., Ex. C at 1-2, 4-5 (Dkt. No. 24).

On March 3, 2010, before GE's Audit Committee completed its work, plaintiff commenced this action.  Dkt. No. 1.

On April 27, 2010, following the conclusion of the Audit Committee's investigation, and following the Audit Committee's unanimous recommendation, GE's Board unanimously refused plaintiff's demand, concluding that litigating the claims in plaintiff's demand would not serve the best interests of GE and its shareholders.  Am. Compl. ¶¶ 6, 67; Nov. 19, 2010 Danilow Decl. Ex. C.  That conclusion, and a summary of the Audit Committee's investigation and conclusions, was communicated to plaintiff's counsel orally on May 11, 2010 and by letter on May 25, 2010.  Danilow Decl. Ex. C.

On June 30, 2010, plaintiff (with the consent of defendants in a stipulation SO ORDERED by the Court on June 14, 2010, Dkt. No. 13) filed an amended complaint.

On June 18, 2010, defendants requested a pre-motion conference in connection with a motion to dismiss plaintiff's amended complaint.  On September 13, 2010, the Court granted defendants permission to file the motion.  Dkt. No. 18.  On November 19, 2010, after plaintiff chose not to amend her complaint in light of defendants' pre-motion conference letter stating the bases for defendants' motion to dismiss, defendants filed their motion to dismiss.  Dkt. Nos. 22, 23.  On January 26, 2011, after plaintiff chose not to amend her complaint in response to defendants' motion to dismiss, plaintiff opposed the motion to dismiss.  Dkt No. 27.

On September 12, 2011, the Court heard oral argument on the motion to dis-

miss.  Plaintiff's counsel represented that he had made a FOIA request to the SEC for documents concerning the SEC investigation of GE, that the request had been denied, that he had sued the SEC, and "[w]e have now obtained thousands of documents, among other things, showing some of the detail that I didn't have before."  Sept. 12, 2011 Tr. at 17.  Plaintiff's counsel represented that "I've got a disk here with an awful lot of documents, your Honor, which I've read."  Id.

The Court explained to plaintiff's counsel that "[y]ou're making an argument mostly for leave to amend," and concluded its ruling by stating that "[p]laintiff's counsel has moved at argument for leave to amend the complaint on the grounds that he has recently received or sought and received documents from the SEC pursuant to a Freedom of Information Act request that will further support in a more particularized manner the allegations of the complaint."  Id. at 18, 47.  The Court ruled, with respect to this request, that "I'm going to provide the plaintiff[ ] with leave to make a motion to amend as opposed to simply for leave to amend based on the representations that have been made by counsel during today's argument."  Id. at 47.  Plaintiff asked for and was granted 30 days to file this motion.  Id. at 48.  The court stated that "I'll determine whether or not to grant it after reviewing the proposed amended complaint[ ]."  Id. at 50.

On October 11, 2011, plaintiff filed a motion for leave to amend but did not include the proposed second amended complaint the Court stated it would review in determining whether to grant leave to amend.  Instead, plaintiff seeks leave to file a proposed second amended complaint "within six months of the Court's Order" on the motion.  Pl. Mem. at 12.

## ARGUMENT

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE DENIED

"[I]t is within the sound discretion of the district court to grant or deny leave to amend" under Federal Rule of Civil Procedure 15(a)(2), and the Court may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), quoted in Iqbal v. Ashcroft, 574 F.3d 820, 822 (2d Cir. 2009), Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009), and Vasquez v. Ercole, 2009 WL 2432364, at *5 (S.D.N.Y. Aug. 7, 2009) (Holwell, J.). "[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). "[T]he trial judge's discretion is broad." Local 802, Associated Musicians of Greater N.Y. v. Parker Meridian Hotel, 145 F.3d 85, 89 (2d Cir. 1998); see also Volunteer Fire Ass'n of Tappan, Inc. v. County of Rockland, 2010 WL 4968247, at *3 (S.D.N.Y. Nov. 24, 2010) ("the Court has 'broad' discretion under Rule 15(a)" and "may deny leave 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party'") (quoting McCarthy and Local 802).

Leave to amend should be denied here: plaintiff has had multiple opportunities to amend, and secured yet another opportunity to amend by October 12, 2011 by representing at oral argument that she already had obtained "thousands of documents" in a FOIA action that "showed detail that I didn't have before" that would cure the defects in her prior complaints. Plaintiff – remarkably – refused to comply with the Court's October 12, 2011 deadline, and now is improperly delaying the final dismissal of this litigation with a purported search for documents that plaintiff represented she had already had obtained and that –

as a matter of law – will not cure the defects in her prior complaints.

    **A.    Plaintiff Has Had – But Not Availed Herself Of – Multiple Opportunities To Amend, Including The Opportunity This Court Gave Her To Propose A Second Amended Complaint By October 12, 2011 – A Deadline She Refused to Comply With**

Plaintiff's claim that "there have not been repeated failures to cure perceived deficiencies by amendment" (Pl. Mem. at 5) is just plain wrong. Plaintiff has (1) already re-pleaded once, (2) opted not to replead after reading defendants' detailed pre-motion conference letter stating the bases for defendants' motion to dismiss, and (3) again opted not to replead in response to defendants' motion to dismiss itself. Then, at oral argument on the motion on September 12, 2011, plaintiff's counsel made representations to the Court concerning the contents of the "thousands of documents" he had "now obtained" showing "detail that I didn't have before." Sept. 12, 2011 Tr. at 17. Counsel even held up a folder and represented that "I've got a disk here with an awful lot of documents, your Honor, which I've read." Id.

Plaintiff was granted leave to move to amend "based on the representations that have been made by counsel during today's argument." Id. at 47 (emphasis added). The Court stated that "[p]laintiff's counsel has moved at argument for leave to amend the complaint on the grounds that he has recently received or sought and received documents from the SEC pursuant to a Freedom of Information Act request that will further support in a more particularized manner the allegations of the complaint." Id. (emphasis added). Plaintiff asked for and was granted 30 days – until October 12, 2011 – to file this motion. Id. at 48. The Court stated, that "I'll determine whether or not to grant it after reviewing the proposed amended complaint[ ]." Id. at 50 (emphasis added).

Rather than proposing a complaint based on the "thousands" of documents her

counsel had already "obtained," plaintiff asks the Court to grant leave to amend without seeing her proposed amended complaint – exactly what the Court ruled on September 12, 2011 it wouldn't do – and then allow her to file that complaint – based on documents she admits her counsel is still looking for – at her leisure, sometime during the six months after this motion is decided.  This obviously was not the Court's intent when it granted plaintiff leave to propose an amended complaint using the documents plaintiff represented she had already obtained and stated "I'll determine whether or not to grant" leave to amend "<u>after reviewing the proposed amended complaint</u>."

Nor has plaintiff's counsel proceeded, as plaintiff contends, with "vigor" in connection with his FOIA request.  Pl. Mem. at 11.  Counsel's four page FOIA action was not filed until October 10, 2011 – 5-1/2 months after counsel's FOIA request was denied.  Pl. Mem. at 8 & Ex. A.  Counsel then took 3-1/2 months to serve process.  FOIA Action Dkt. Oct. 13, 2010 to Jan. 21, 2011 Entries (Oct. 27, 2011 Danilow Decl. Ex. A).  Documents eventually were produced, following which counsel agreed to a stay and then a suspension of the case and placement of the case on the "administratively closed" docket.  <u>Id</u>. Mar. 2, 2011 to July 28, 2011 Entries.  Only after this Court dismissed this case and granted plaintiff leave to move to amend did plaintiff's counsel (according to plaintiff's papers, which are not accompanied by an affidavit documenting this representation) "give[ ] notice to the SEC that the stay of the FOIA Litigation should be lifted." Pl. Mem. at 8.  As of this date, no application to lift the stay appears on the docket sheet in the FOIA Litigation.  Oct. 27, 2011 Danilow Decl. Ex. A.

<u>In re Merrill Lynch & Co. Securities, Derivative & ERISA Litigation</u>, 773 F. Supp. 2d 330 (S.D.N.Y. 2011), a decision dismissing a virtually identical derivative action

brought by plaintiff's counsel on behalf of Merrill Lynch and Bank of America and denying leave to amend, is instructive.

In Merrill Lynch, as here, plaintiff's counsel commenced a derivative action before commencing a second action in another court (in Merrill Lynch, a state court books and records action under Section 220 of Delaware's General Corporation Law) that plaintiff believed would provide her the facts needed to survive a motion to dismiss in this Court. Id. at 350.  The court dismissed the derivative action (for the same reasons this Court dismissed this action – plaintiff's failure to allege particularized facts that, if true, would show that Bank of America's refusal of a demand was not protected by the business judgment rule) and then denied plaintiff's "requests that the Court stay this action" "until plaintiff has had the opportunity to obtain the document inspection 'to which she is entitled in the Section 220 Action'" and "then grant her leave to replead her complaint." Id.

The court, among other things, stated that "plaintiff chose to bring this action before she brought her Section 220 Action, thereby voluntarily incurring the risk that she would not obtain the requested discovery in time to re-draft her pleadings." Id.  The court also stated that "[t]he Court is responsible for the swift and efficient management of its own docket, and it is certainly not obliged to cool its heels while plaintiff attempts to once again correct flaws" in her complaint in one action by pursuing another. Id.  The court added that "[n]or would it be fair to defendants to further prolong this case." Id.  Nor, in this case, is it fair to require GE to continue reporting the pendency of this litigation in its public filings.

**B.**   **The Documents Plaintiff Still Hopes To Find In Her Counsel's FOIA Litigation Will Not Cure Any Of The Defects In Her Prior Complaints**

Plaintiff's request for leave to file a second amended complaint – and time to search for SEC documents in her counsel's FOIA litigation – also should be denied because

the documents plaintiff is searching for will not cure the defects in her prior complaints.

### 1. Plaintiff's Claim That GE's Board Wrongfully Refused Her Demand

Plaintiff's principal argument appears to be a contention that Cravath's advice to GE's Audit Committee was "conflicted" by Cravath's prior representation of the Audit Committee in connection with the SEC investigation of GE that prompted plaintiff's demand. Jan. 26, 2011 Pl. Mem. at 20-22; Sept. 12, 2011 Tr. at 17-28.  As plaintiff would have it, Cravath "acted to protect Individual Defendants (as well as other employees of GE) and members of GE's Audit Committee in connection with the SEC investigation and suit" and thus was "hopelessly conflicted and incapable of acting as independent counsel and objectively investigating Plaintiff's demand, either on behalf of the Board or its Audit Committee."  Pl. Mem. at 9.

This Court, in denying plaintiff's motion to dismiss, rejected plaintiff's contentions that Cravath "effectively represented the members of the Audit Committee and at least several other Individual Defendants personally to protect them from liability before the SEC" and that "there is the very real possibility that Cravath could be hampered in its investigation of Plaintiff's demands by a duty to preserve the secrets and confidences of the Board and Audit Committee members <u>de facto</u> represented by it before the SEC."  Pl. Mem. at 20-22.  This Court explained in its ruling dismissing plaintiff's first amended complaint that an attorney-client relationship requires something akin to a retainer agreement:

> [P]ursuant to the Third Restatement of the Law Governing Lawyers Section 14, an attorney-client relationship arises, "when, one, a person manifests to a lawyer a person's intent that the lawyer provide legal services for the person, and either, A, the lawyer manifests to the person consent to do so or, B, the lawyer fails to manifest lack of consent to do so and a lawyer knows or reasonably should know that the person reasonably relies on the lawyer to provide the services."

> There are no allegations in the complaint that come close to alleging such a relationship, and in the archetypical audit committee of special committee investigation, it is industry-wide practice to warn individual employees that counsel is representing the committee and not the individual or, indeed, the company.  To be sure, it could be the case that an attorney-client relationship if formed in the context of a particular corporate investigation, but the generalized allegations of the amended complaint do not plausibly allege that this was so.

Sept. 12, 2011 Tr. at 46-47 (quoting Restatement (Third) of the Law Governing Lawyers: Formation of a Client-Lawyer Relationship § 14 (2000)).

Plaintiff states that she "anticipates" that documents in SEC files sought in her counsel's FOIA Litigation will "demonstrate that although Cravath may not have been formally engaged to represent anyone other than the Audit Committee as a whole, it in fact advocated on behalf of culpable GE employees (and their superiors) by asserting that no such individuals should be named by the SEC as defendants" (Pl. Mem. at 10) – a contention that ignores this Court's ruling with respect to the facts required to establish an attorney-client relationship in connection with the SEC proceeding between Cravath and members of the Audit Committee – as opposed to between Cravath and GE.  Plaintiff does not (and cannot) offer any basis – much less a good faith basis – for her claim that she "anticipates" finding documents in the SEC's files establishing facts that would satisfy the standard stated by this Court on this issue.

### 2. Plaintiff's Claim That Demand Is Excused, Notwithstanding Plaintiff's Concession – And This Court's Rulings – That Demand Is Required

Plaintiff also seeks leave to amend her prior complaints to allege a new legal theory:  that demand would be futile with respect to the claims the Court dismissed in her prior complaints due to plaintiff's failure to include those claims in her demand.  Pl. Mem. at 11.  Any such amendment would be futile on three separate and independent grounds.

First, the making of a demand waives a shareholder's "right to claim that demand is excused." Grimes v. Donald, 673 A.2d 1207, 1218-19 (Del. 1996), quoted in Scattered Corp. v. Chi. Stock Exch., Inc., 701 A.2d 70, 74 (Del. 1997); see also FLI Deep Marine LLC v. McKim, 2009 WL 1204363, at *3 (Del. Ch. Apr. 21, 2009) ("[o]n this point" the law "could hardly be clearer") (citing nine cases). Plaintiff's claims are all obviously related, and "courts have held that '[p]ermitting a stockholder to demand action involving only one theory or remedy and to argue later that demand is excused as to other legal theories or remedies arising out of the same set of circumstances as set forth in the demand letter would create an undue risk of harassment.'" Merrill Lynch, 773 F. Supp. 2d at 350 (quoting Grimes, 673 A.2d at 1220).

Second, the claims concerning which plaintiff now seeks to allege demand was excused all were asserted in Bresalier v. Immelt, No. 10 Civ. 4200 (RJH) – a carbon copy of the complaint in this case, except alleging that demand was excused rather than wrongfully refused. Oct. 27, 2011 Danilow Decl. Ex. B (chart showing 54 identical paragraphs, 6 identical footnotes, and 5 identical causes of action in Bresalier and Lerner complaints). This Court already has considered those claims and held in Bresalier (and before that in Stein v. Immelt, No. 10 Civ. 1793 (RJH)), that demand was required with respect to these claims. See Sept. 12, 2011 Tr. at 47-48; see also Apr. 27, 2011 Tr. in Stein, No. 10 Civ. 1793 (RJH), at 18-24. Plaintiff's motion offers no facts – much less any reason to believe that plaintiff could allege facts – excusing demand that were not alleged in Stein and Bresalier.

Third, even if plaintiff did offer such facts, dismissal of a derivative action by one shareholder due to the shareholder's failure to make a pre-suit demand precludes further

litigation by a second shareholder in a second action who also has not made a demand, under both the res judicata (claim preclusion) and collateral estoppel (issue preclusion) doctrines. See, e.g., In re Sonus Networks, Inc. S'holder Derivative Litig., 499 F.3d 47, 56-71 (1st Cir. 2007); Henik v. LaBranche, 433 F. Supp. 2d 372, 378-82 (S.D.N.Y. 2006); Levin v. Kozlowski, 2006 WL 3317048, at *7-14 (N.Y. Sup. Ct. N.Y. Cnty. Nov. 14, 2006), aff'd, 846 N.Y.S.2d 37, 38-39 (App. Div. 1st Dep't 2007).  These decisions rest on the principle that "in shareholder derivative actions, a plaintiff shareholder sues on behalf of the corporation" and "the true plaintiff" in multiple derivative actions "is the identical corporation." Henik, 433 F. Supp. 2d at 380.  These decisions recognize that "if this were not the rule, shareholder plaintiffs could indefinitely relitigate the demand futility question in an unlimited number of state and federal courts, a result the preclusion doctrine specifically is aimed at avoiding." Id.

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to amend should be denied and this action dismissed again, this time with prejudice and without leave to amend.

Dated: New York, New York
October 27, 2011

Respectfully submitted,

WEIL, GOTSHAL & MANGES  LLP


By: /s/ Greg A. Danilow
    Greg A. Danilow
    Stephen A. Radin
    Evert J. Christensen, Jr.
767 Fifth Avenue
New York, NY 10153
(212) 310-8000 (Telephone)
(212) 310-8007 (Fax)

Attorneys for Nominal Defendant
General Electric Company and
Defendants W. Geoffrey Beattie,

Laurent Bossard, James I. Cash, Jr., Kathryn A. Cassidy, William M. Castell, Pamela Daley, Brackett B. Denniston III, Ann M. Fudge, Susan Hockfield, Jeffrey R. Immelt, Andrea Jung, John Krenicki, Jr., Alan G. Lafley, Robert W. Lane, Rochelle B. Lazarus, John F. Lynch, Jamie S. Miller, James J. Mulva, Michael A. Neal, Sam Nunn, Roger S. Penske, John G. Rice, Keith Sherin, Robert J. Swieringa, Douglas A. Warner III and Robert C. Wright
