```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
OLGA LERNER,                             :
                      Plaintiff,         :
                                         :
            -v-                          :   10 Civ. 1807 (DLC)
                                         :
JEFFREY IMMELT, et al.,                  :   MEMORANDUM OPINION
                      Defendants,        :        & ORDER
            -and-                        :
                                         :
GENERAL ELECTRIC COMPANY,                :
                      Nominal            :
                      Defendant.         :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiff:
Richard D. Greenfield
Greenfield & Goodman LLC
250 Hudson Street
8th Floor
New York, NY 10013

For defendants:
Greg A. Danilow
Stephen A. Radin
Evert J. Christensen, Jr.
Weil, Gotshal & Manges LLP (NYC)
767 Fifth Avenue, Suite 3358-2
New York, NY 10153

DENISE COTE, District Judge

The plaintiff in this shareholder derivative action, Olga Lerner, moves for leave to amend pursuant to Rule 15(a), Fed. R. Civ. P. For the following reasons, the motion for leave to amend is denied.

BACKGROUND

This action was commenced with the filing of the complaint on March 3, 2010, seeking redress on behalf of Nominal Defendant General Electric Company ("GE") for breach of fiduciary duty, insider trading, unjust enrichment and other alleged wrongs by former and current directors and officers of GE.  An amended complaint was filed on July 2, 2010.  On November 19, 2010, defendants moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The motion to dismiss became fully submitted on February 28, 2011.  On September 12, 2011, the district court to whom this action was then assigned heard oral argument on the motion to dismiss and on September 13, it entered an Order granting the motion "for the reasons stated on the record [on September 12]," and granting plaintiff leave to move to amend within thirty days.

During the September 12, 2011 oral argument, plaintiff's counsel told the district court that as a result of a Freedom of Information Act ("FOIA") lawsuit that he was pursuing against the Securities and Exchange Commission ("SEC"), "We have now obtained thousands of documents, among other things, showing some of the detail that I didn't have before [when filing the amended complaint]."  Plaintiff's counsel continued, "I've got a disk here with an awful lot of documents, your Honor, which I've read."

In response, the district court noted, "Plaintiff's counsel has moved . . . for leave to amend the complaint on the grounds that he has recently received or sought and received documents from the SEC pursuant to the Freedom of Information Act that will further support in a more particularized manner the allegations of the complaint."  The district court then granted the plaintiff leave to make a motion for leave to amend by October 12 "based on representations that have been made by counsel during today's argument."  The district court stated, "I'll determine whether or not to grant [the motion for leave to amend] after reviewing the proposed amended complaint[]."

On October 11, the plaintiff filed a motion for leave to amend, but did not include a proposed second amended complaint.  Instead, the plaintiff requested leave to amend at an undetermined date within six months of the Court's Order on the motion, "once further documents are produced by the SEC, as [p]laintiff believes they will be."  The motion for leave to amend became fully submitted on November 9, 2011.  This action was reassigned to this Court on February 7, 2012, and a conference was held on March 6.  Plaintiff's attorney represented during the March 6 conference that he had a second amended complaint ready to file.

DISCUSSION

By Order of September 13, 2011, the district court set a schedule for plaintiff's motion for leave to amend. Consequently, Rule 16(b), Fed. R. Civ. P., rather than Rule 15(a), governs plaintiff's application for leave to amend. Rule 16 provides that a district court may enter a scheduling order that limits the time to amend the pleadings, and subsection (b) states that that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). Rule 16 "is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (citation omitted). Disregarding the instructions of a scheduling order "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation." Id. (citation omitted).

"[A] district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." Id. In determining whether a party has shown good cause, "the primary consideration" is whether the movant has been diligent. Kassner v. 2nd Avenue Delicatessen

4

Inc., 496 F.3d 229, 244 (2d Cir. 2007).  Another relevant factor is prejudice to the defendants.  Id.

On September 12, 2011, the district court stated on the record that it would "determine whether or not to grant [the motion for leave to amend] after reviewing the proposed amended complaint[]," and on September 13, the district court set a deadline of thirty days for plaintiffs to file a motion for leave to amend.  The schedule therefore required the plaintiff to submit a proposed amended complaint for the district court to review within thirty days of the September 13, 2011 Order.  The plaintiff did not do so.  In disregard of the court's instruction, the plaintiff did not include a proposed second amended complaint with her October 11 motion, and now asks this Court to rule on the motion for leave to amend prior to reviewing the proposed amended complaint.

The plaintiff has not shown good cause for modifying the district court's schedule.  During oral argument on September 12, 2011, plaintiff's counsel represented in no uncertain terms that he already had acquired "thousands of documents" which would facilitate the filing of a more detailed pleading.  The district court stated that it was relying on these "representations" in granting the plaintiff leave to make a motion for leave to amend by October 12.  Contrary to his representations at oral argument, however, plaintiff's counsel

5

indicated in the October 11 motion that he needed up to an additional six months in order to gather the documents necessary to draft an amended pleading.

If plaintiff's counsel was not prepared to file a proposed amended complaint by October 12, 2011, then he should have raised this issue during oral argument and allowed the district court to determine an appropriate ruling and set an appropriate schedule at that time.  And if plaintiff's counsel <u>was</u> prepared to file a proposed amended complaint by October 12, as he represented during oral argument, then he should have done so.  Accordingly, the plaintiff has not been diligent in pursuing this action and cannot compel this Court to amend the district court's schedule.

Plaintiff's counsel argues that his statements at oral argument indicated merely that it was <u>anticipated</u> that additional documents from the SEC would enable the plaintiff to provide additional particularized allegations to support her claims.  This argument misconstrues the statements made by plaintiff's counsel at oral argument, which included, "We have now obtained thousands of documents, among other things, showing some of the detail that I didn't have before."  This statement is in the present perfect tense, indicating that the documents had already been obtained.

6

Even under the more lenient standard of Federal Rule of Civil Procedure Rule 15, leave to amend is still not appropriate.  Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and instructs that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend."  Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009) (citation omitted).  A motion for leave to amend may be denied for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (citation omitted).

Here, leave to amend would result in undue delay and undue prejudice to the defendants because almost five months passed between the time the plaintiff was instructed to submit a proposed amended complaint and the time the plaintiff's counsel represented to the Court that he was prepared to submit such a proposed amended complaint.  The plaintiff argues that there have not been multiple, unsuccessful attempts to amend and she should be permitted to obtain additional documents and information from the SEC prior to filing an amended complaint. Regardless of how many opportunities to amend the plaintiff has been afforded, however, granting leave to amend at this stage

7

under the conditions proposed by the plaintiff would unduly prejudice the defendants and result in undue delay. If the plaintiff needed additional documents from the SEC in order to pursue this litigation successfully, then she should not have filed a complaint in this action unless and until such documents were obtained.

## CONCLUSION

The October 11, 2011 motion for leave to amend is denied. The Clerk of Court shall enter final judgment in this matter for the defendants and dismiss the amended complaint with prejudice.

SO ORDERED:

Dated:   New York, New York
         June 15, 2012

_____
DENISE COTE
United States District Judge